NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID BURNS, | No. 21-15409 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00086-MMD-CLB |
| v. | |
| TASHEENA SANDOVAL; CLARK; WALTER ROMERO; HAL HOLLINGSWORTH; HAROLD BYRNE; WILLIAM GITTERE; HEALER; TRAVIS, C/O; HAMMEL; UNDERWOOD, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 15, 2022[**]

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Nevada state prisoner David Burns appeals pro se from the district court's

summary judgment for failure to exhaust administrative remedies in his 42 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging deliberate indifference to safety and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants because Burns failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

**AFFIRMED.**